# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-26-00406-CV

---

**In re Ganga Thapa**

---

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Ganga Thapa has filed a petition for writ of mandamus challenging the trial court's striking her petition in intervention in the underlying suit affecting the parent–child relationship (SAPCR). Because we conclude that the trial court clearly abused its discretion in striking the petition and that Thapa has no adequate remedy by appeal, we conditionally grant the requested relief.

Thapa is the maternal grandmother of the two children who are the subject of this suit. The Texas Department of Family and Protective Services (the Department) initiated this suit by filing an original petition concerning the children. The trial court rendered an agreed order terminating the parental rights of the children's parents and appointing the Department as the children's managing conservator. In conjunction therewith, the parties, including the children's attorney ad litem and their guardian ad litem, filed a Rule 11 agreement in which they agreed not to contest Thapa's standing to file an intervention or modification petition if it was filed within ninety days of the termination decree. Within the ninety days, Thapa filed a combined petition for intervention in the existing SAPCR and petition in intervention for the

adoption of the children, and later she filed an amended petition and request for leave to intervene. Thapa asserted that she has standing pursuant to Texas Family Code Subsection 102.004(a)(2) because the Department had consented to her intervening. *See* Tex. Fam. Code § 102.004(a)(2) (providing that grandparent may file original suit requesting managing conservatorship if there is satisfactory proof that managing conservator consented to suit). The Department thereafter filed a Consent to Filing and a Motion for Further Orders—Visitation, requesting that the children have regular virtual visits and in-person visitation with Thapa when she is in Texas as part of a "path to permanency of the children with" Thapa. *See id.* § 102.006(b), (c) (under specified circumstances, dispensing with otherwise applicable limitations on suits by non-parent intervenors after both parents' parental rights have been terminated). At a subsequent temporary-orders hearing, the trial court sua sponte raised the issue of Thapa's standing. On Thapa's request, the trial court granted her time to brief the issue and set a hearing on her petition for intervention for September 8, 2025. After the hearing, the trial court took the issue of Thapa's standing under advisement and at a January 5, 2026, hearing orally advised that it had "denied" Thapa's standing, effectively striking Thapa's petition in intervention, although no written order has been signed to that effect.[1]

In this original proceeding, Thapa argues that the trial court abused its discretion in striking her petition in intervention and determining that she does not have standing to maintain any type of lawsuit to seek conservatorship or adoption of her grandchildren. Real party in interest, the Department, filed a response to Thapa's mandamus petition, in which it

---

[1] The trial court's docket-entry notes from September 15, 2025, recite its finding that Thapa "does not have standing" and that the court "retains discretion to allow or deny the intervention, even if the statutory requirements are met." The mandamus record includes the reporter's record reflecting the trial court's oral ruling.

agrees that Thapa's petition should be granted because she "met her heavy burden of establishing that she is entitled to mandamus relief."

Mandamus relief is appropriate where the trial court clearly abuses its discretion and there is no other adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 838 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id*. at 840. Thus, a trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001) (orig. proceeding); *Huie v. DeShazo*, 922 S.W.2d 920, 927-28 (Tex. 1996) (orig. proceeding). It is well-established that a party lacks an adequate appellate remedy when a trial court abuses its discretion in ruling on a motion to intervene in a SAPCR. *See, e.g.*, *In re Ramirez*, No. 03-21-00145-CV, 2021 WL 1991269, at *2 (Tex. App.—Austin May 19, 2021, orig. proceeding) (mem. op.); *In re Salverson*, No. 01-12-00343-CV, 2012 WL 1454549, at *3 (Tex. App.—Houston [1st Dist.] Apr. 23, 2012, orig. proceeding) (mem. op.). Thus, we need to consider only whether the trial court abused its discretion.

A party seeking conservatorship must have standing to seek such relief. *Ramirez*, 2021 WL 1991269, at *3. Standing implicates a court's subject-matter jurisdiction and therefore is a question of law we ordinarily review de novo. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). The Texas Family Code governs standing in SAPCRs, and therefore the party seeking relief must establish standing consistent with statutory requirements. *In re Ramirez*, 2021 WL 1991269, at *3. Standing is a threshold determination of whether a party "has a sufficient 'justiciable interest' in the suit's outcome to be entitled to a judicial determination." *In re H.S.*, 550 S.W.3d at 155. The merits of Thapa's claim are not before this Court. *See id.* Our analysis is accordingly limited to whether she has standing to intervene in the SAPCR as a nonparent.

3

Generally, an intervenor must show standing to maintain an original suit in order to intervene in a pending SAPCR, absent an express statutory provision allowing the intervention. *See In re S.B.*, No. 02-11-00081-CV, 2011 WL 856963, at *2 (Tex. App.— Fort Worth Mar. 11, 2011, orig. proceeding) (mem. op.). Family Code Subsection 102.004(a)(2) provides such original-suit standing to a grandparent, who "may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that . . . both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit." Tex. Fam. Code § 102.004(a)(2). The burden to intervene in an existing suit is not higher than the burden to initiate an original suit. *See In re S.B.*, 2011 WL 856963, at *2 (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)). Thus, if an intervenor establishes that she has the right to bring an original suit requesting managing conservatorship because she has obtained the consent of the current managing conservator, she also has the right to intervene in the original, pending suit. *See id.* at *3.

Here, Thapa established that she has the right to bring an original suit requesting managing conservatorship because she obtained the consent of the children's managing conservator, the Department. *See* Tex. Fam. Code § 102.004(a)(2). Thus, she also has the right to intervene in the Department's original, pending suit to terminate the rights of the children's parents and seek managing conservatorship of the children, and the trial court abused its discretion by striking her petition in intervention. *See In re S.B.*, 2011 WL 856963, at *3.

Accordingly, we conclude that relator Thapa is entitled to mandamus relief. We conditionally grant the writ of mandamus and order the trial court to vacate its finding that Thapa does not have standing and its ruling striking her petition in intervention. The writ will issue only if the trial court promptly fails to do so.

4

_____
Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Filed:   January 24, 2026